[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16892
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00073-SCB-TBM-2

UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

ANTAWAN D. HUDSON,
a.k.a. Twan,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 15, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Antawan Hudson appeals his total 360-month sentence after pleading guilty to one count of conspiracy to engage in sex trafficking of a minor by force, fraud, or coercion, in violation of 18 U.S.C. § 1594(c), and three counts of sex trafficking of a minor by force, fraud, or coercion, in violation of 18 U.S.C. §§ 2, 1591(a)-(c). Hudson fails to show reversible error. Therefore, we affirm.

On appeal, Hudson argues that the district court clearly erred by denying his request for a minor role reduction because he received less money from the sex-trafficking proceeds than his co-conspirator, Maurice Williams, and because he was not involved in the offenses to the same degree as Williams. At sentencing, Hudson argued that Williams began the conspiracy several months before he joined it and that Williams recruited him to the conspiracy. He contended that Williams was more culpable than he because Williams rented hotel rooms for the minor victims, recruited them, bought them food, paid for their nails, posted escort ads with their pictures on the Internet, told them what to say to clients, drove them to hotels, protected them, and received money from their prostitution. Hudson also argues that the court erred by failing to make sufficient factual findings, pursuant to U.S.S.G. § 3B1.2.

2

We review a district court's denial of a minor role reduction for clear error. *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010). In *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999) (en banc), we set forth a two-prong test for analyzing whether a defendant should receive a § 3B1.2 reduction. *See Rodriguez De Varon*, 175 F.3d at 934. Under the first prong, "the district court must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable under U.S.S.G. § 1B1.3." *Id*. Under the second prong, the district court may consider the defendant's culpability as compared to other identifiable participants in the relevant conduct attributed to the defendant. *Id*. at 944.

The "district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense" and "has no duty to make any specific subsidiary factual findings." *Id* at 939–40. "So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient." *Id*. at 939 (emphasis omitted); Fed. R. Crim. P. 32(i)(3)(B).

The district court did not clearly err by finding that Hudson was not entitled to a minor role reduction. First, the court's factual findings were sufficient because there were no relevant disputed facts, and the court explicitly overruled Hudson's objection. As to the merits of the first prong of the *Rodriguez De Varon*

3

analysis, Hudson's actual conduct—the sex trafficking of minors—was identical to the conduct for which he was held accountable under U.S.S.G. § 1B1.3. Moreover, Hudson did not play a minor role in the conduct for which he was held accountable because he trafficked minor victims for sex. He actively instructed, recruited, and advertised victims—activities that were not minor for sex trafficking because, without them, the operation would not have functioned. Thus, Hudson's activities demonstrate that he actually participated in the sex trafficking of minors, and his role was not minor in that relevant conduct.

As to the second prong of the *Rodriguez De Varon* analysis, the record reflects that Hudson was no less culpable than Williams in the offense conduct. Hudson and Williams committed similar acts with respect to the minor victims, including placing ads for their services, telling them what to do and how to handle clients, and taking the money they earned from prostituting. The district court judge (who presided in Williams' trial) specifically found that Hudson and Williams had "in a number of instances" been "equal partners" and that their actions had been "fairly similar."

Accordingly, the district court did not clearly err when it denied Hudson a minor role reduction.

**AFFIRMED.**

4